# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RICHARD LEWIS HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-82 (MTT) |
| | ) |
| SUSAN HALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Defendants Susan Hall, Sheriff Cullen Talton, and Carolyn Sullivan have separately moved to dismiss Plaintiff Richard Lewis Hall, Jr.'s claims pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the applicable statute of limitations. Docs. 17; 21. The Plaintiff has responded to both motions. Docs. 20; 26. In doing so, the Plaintiff has submitted materials outside the pleadings for consideration by the Court. *See, e.g.*, Docs. 20-1; 20-2; 26-1; 26-2. In light of the Plaintiff's pro se status, the Court finds it appropriate to consider these materials, rather than exclude them, in determining whether the Plaintiff's claims are time-barred. So, the Court converts the Defendants' motions to dismiss into motions for summary judgment.[1] *See* Fed. R. Civ. P. 12(d).

Because of his pro se status, the Court advises the Plaintiff that, under Federal Rule of Civil Procedure 56, summary judgment can be granted only if there are no

---

[1] The Court also notes there are issues concerning the Defendants' choice to assert this affirmative defense in their motions to dismiss, which the Defendants did not address in their motions, including to what degree the Plaintiff was required to plead facts to overcome the statute of limitations bar. *See Amy v. Anderson*, 2017 WL 1098823, *1 n.1 (M.D. Ga.). Converting the motions to dismiss into motions for summary judgment is not only best in light of the Plaintiff's pro se status and his presentation of materials outside the pleadings but also alleviates the issue surrounding the Plaintiff's pleading burden by allowing him an opportunity to file any information he may have to overcome the Defendants' affirmative defense.

genuine disputes as to any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment cannot simply rely on the pleadings but rather, to establish the existence of a genuine fact dispute, must file affidavits, depositions, or other materials to persuade the Court. Fed R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. Thus, although the Plaintiff has already submitted materials outside the pleadings, he is advised that he may submit further factual information in his possession addressing why his claims are not barred by the statute of limitations.

Pursuant to Fed. R. Civ. P. 12(d), the Court **ORDERS** that the Defendants' motions to dismiss are converted into motions for summary judgment. Accordingly, the parties are given 14 days to submit any material pertinent to the motion. *See* Fed R. Civ. P. 12(d).

**SO ORDERED**, this the 24th day of August, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT