IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICHARD LEWIS HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-82 (MTT) |
| | ) |
| SUSAN HALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants Susan Hall, Sheriff Cullen Talton, and Carolyn Sullivan have moved to dismiss Plaintiff Richard Lewis Hall, Jr.'s complaint. (Docs. 17; 21). The Court converted those motions into motions for summary judgment. Doc. 32. The motions are **GRANTED**.

## I. BACKGROUND

The Plaintiff, proceeding pro se, claims that Defendant Hall, who works for the Division of Child Support Services of Houston County, Georgia, Defendant Talton, the Sheriff of Houston County, Georgia, and Defendant Sullivan, the Clerk of the Superior Court of Houston County, Georgia conspired to violate his constitutional rights. Doc. 15 at 10-13. Because the Plaintiff is not represented by legal counsel, the Court construes the Plaintiff's complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberally construed, the Plaintiff's complaint asserts claims based on violations of due process, equal protection, and his Fourth and Fourteenth Amendment rights, including claims of false arrest, false imprisonment, and conspiracy to violate

those constitutional rights. See Doc. 15 at 10-13. Generally, the Plaintiff contends that, as a part of a paternity dispute, the Defendants colluded to "manufacture" a fraudulent DNA test stating the Plaintiff was the father of a minor child. Id. The Defendants then used that fraudulent DNA test to subject the Plaintiff to unlawful court proceedings and to force him to pay child support. Id. Then, according to the Plaintiff, the Defendants used that same DNA test and fraudulent arrest records to falsely arrest and imprison him for various offenses, including failure to pay child support. Id.

The Plaintiff filed his complaint on February 28, 2017. Doc. 1. With the Court's permission, he then filed an amended complaint on March 15, 2017. Doc. 15. The Defendants then separately moved to dismiss the Plaintiff's claims on the grounds that they were barred by the statute of limitations. Docs. 17; 21. In response to these motions, the Plaintiff submitted materials outside the pleadings for consideration by the Court. Docs. 20; 26. In light of the Plaintiff's pro se status, the Court found it appropriate to consider these materials and thus converted the Defendants' motions to dismiss into motions for summary judgment.[1] Doc. 32. The Court then advised the Plaintiff of his obligations under Fed. R. Civ. P. 56(c) and allowed 14 days for the parties to submit any further pertinent factual information. Id. at 2. The Plaintiff submitted no additional information. So, now before the Court are the Defendants' separate motions for summary judgment. For the reasons described below, those motions are **GRANTED**, and the Plaintiff's claims are **DISMISSED**. Additionally, the Plaintiff's request for a preliminary injunction and temporary restraining order is **DENIED**, and his

---

[1] In converting the Defendants' motions into motions for summary judgment, the Court also noted that doing so alleviated concerns regarding the Defendants' choice to raise the affirmative defense of statute of limitations in a motion to dismiss. Doc. 32 at 1 n.1. These concerns included "to what degree the Plaintiff was required to plead facts to overcome the statute of limitations bar." Id. (citing Amy v. Anderson, 2017 WL 1098823, at *1 n.1 (M.D. Ga.)).

Motion for Contempt is **REFERRED** to the United States Bankruptcy Court for the Middle District of Georgia.

## II. SUMMARY JUDGMENT STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* (alterations in original) (quotation marks and citation omitted). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## III. THE PLAINTIFF'S FEDERAL CLAIMS

### A.  Section 1983 Claims

The Defendants argue the Plaintiff's § 1983 claims are barred by the applicable statute of limitations. Section 1983 does not have its own statute of limitations but borrows the forum state's personal injury statute of limitations. *Reynolds v. Murray*, 170 F. App'x 49, 50 (11th Cir. 2006); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). In Georgia, § 1983 claims have a two-year statute of limitations. *Wilson v. Hamilton*, 135 F. App'x 213, 214 (11th Cir. 2005).

It is undisputed that the latest event that could support the Plaintiff's claims that his Fourth Amendment, Fourteenth Amendment, due process, and equal protection rights were violated occurred on November 29, 2014 when he was allegedly falsely

arrested and imprisoned for driving with a suspended license. Docs. 20 at 1; 20-1; 20-3. The Plaintiff was released on December 2, 2014, and so any claim based on this arrest accrued, at the latest, on that date. Doc. 20-3 at 2; *Brown v. Lewis*, 361 F. App'x 51, 55 (11th Cir. 2010) ("A claim for false arrest and false imprisonment must be brought within two years of the [arrestee]'s release from imprisonment."); *Hawk v. Pearson*, 2010 WL 3724198, at *2 (N.D. Ga.) ("A claim of false arrest and false imprisonment accrues when the plaintiff is released from the alleged false imprisonment."). Accordingly, absent a basis for tolling, any claims based on his November 29, 2014 arrest are time-barred because the statute of limitations ran, at the latest, on December 2, 2016, more than two months before the Plaintiff filed his initial complaint on February 28, 2017.

"Georgia law provides for statutory tolling for actions involving people who suffer from certain disabilities, unrepresented estates, people absent from the state, and cases of fraud." *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008). Although the Plaintiff does not allege that any fraud on the part of the Defendants deterred him from filing his claims timely, he does, as noted, allege the Defendants fraudulently concocted DNA evidence. Doc. 15 at 12-16. Accordingly, out of an abundance of caution, the Court addresses whether the allegations upon which the Plaintiff bases his fraud claim could have tolled the statute of limitations. *Id.* at 10-13. The crux of the Plaintiff's fraud claim is the allegedly fraudulent DNA test. *See id.* at 10-13. He alleges that the Defendants concocted the DNA test to defraud him out of child support payments and that the Defendants then, as a part of that scheme, arrested him using false documentation. *Id.* But the Plaintiff has known since 2005 that the DNA test was

fraudulent. *Id.* at 10. Then, he argued in a court proceeding that the test was fraudulent and that he had never taken such a test. *Id.* Thus, his § 1983 claims would only be tolled until 2005, at the latest, when he was clearly aware of the fraud. *Ash v. Douglas Cty.*, 2015 WL 12591772, at *6 (N.D. Ga.) (quotation marks omitted) (quoting O.C.G.A. § 9-3-96) ("[Fraud] only tolls the limitations period until the plaintiff's discovery of the fraud.").

The Court notes that the Plaintiff appears to allege a separate act on the part of Defendant Hall upon which the Plaintiff could arguably base a conspiracy claim. In his response to Defendant Hall's motion to dismiss, the Plaintiff states that he is involved in a personal injury lawsuit and that his attorney in that case has been, in some unspecified way, assisting Defendant Hall to "collect on an unlawful debt," which the Plaintiff alleges is related to a March 9, 2014 lien to collect on his child support obligations. Doc. 26 at 3. Construing this allegation liberally, the Court could read this as an attempt to allege an overt act on the part of Defendant Hall in furtherance of the conspiracy with the other defendants. Any conspiracy claim based on this allegation would have accrued when Defendant Hall communicated with the Plaintiff's personal injury attorney. *See Wall v. Wall*, 2009 WL 3110208, at *5 (M.D. Ala.) ("Because the constitutional violation—and not the agreement—is the basis for liability, the statute of limitations runs separately for each unlawful overt act in furtherance of the conspiracy.") (quoting *Grider v. City of Auburn*, 628 F. Supp. 2d 1322, 1347 (M.D. Ala. 2009), *aff'd in part, rev'd in part on other grounds and remanded sub nom. Grider v. City of Auburn, Ala.*, 618 F.3d 1240 (11th Cir. 2010)). As such, although the Plaintiff does not state when this communication, or assistance, took place, assuming it occurred within two

years of the Plaintiff's filing his complaint, a conspiracy claim based on this allegation would not be barred by the statute of limitations. Regardless, any such claim fails. To establish a conspiracy claim under § 1983, a plaintiff must prove: "(1) a violation of [his] federal rights; (2) an agreement among the Defendants to violate such a right; and (3) an [underlying] actionable wrong." *Williams v. Fulton Cty. Sch. Dist.*, 181 F. Supp. 3d 1089, 1148 (N.D. Ga. 2016) (alterations in original) (quoting *Gibbons v. McBride*, 124 F.Supp.3d 1342, 1379 (S.D. Ga. 2015); *see also Grider*, 618 F.3d at 1260. Based on the evidence presented, a reasonable jury could not find that the Plaintiff established a conspiracy claim under § 1983. The Plaintiff has presented no evidence that (1) the alleged collaboration between Defendant Hall and the Plaintiff's attorney violated the Plaintiff's federal rights or that (2) there was an underlying actionable wrong. Moreover, other than the bare allegation of collaboration by Defendant Hall, the Plaintiff has presented no evidence that there was any sort of agreement between or among the Defendants. And there is no circumstantial evidence suggesting there was such an agreement. *See Am. Fed'n of Labor & Cong. of Indus. Organizations v. City of Miami, FL,* 637 F.3d 1178, 1192 (11th Cir. 2011) (stating that, for purposes of a conspiracy claim, an agreement can be inferred "from the relationship of the parties, their overt acts and concert of action, and the totality of their conduct"). As such, to the extent the Plaintiff attempts to base a conspiracy claim on the alleged communication between his attorney and Defendant Hall, the undisputed facts establish that the Defendants are entitled to summary judgment.

Accordingly, the Defendants' Motions for Summary Judgment as to his claims under § 1983 are **GRANTED**, and those claims are **DISMISSED with prejudice**.

### B. Claims under 18 U.S.C. §§ 241 and 242

The Plaintiff's complaint also alleges the Defendants violated 18 U.S.C. §§ 241 and 242. Doc. 15 at 12-13. It is unclear whether the Plaintiff attempts to bring a claim pursuant to these statutes or alleges a § 1983 claim based on the Defendants' violation of his rights under these statutes. Regardless, his claim fails. Sections 241 and 242 provide no private cause of action and, thus, cannot support a claim. *Weidman v. Blackstone Group*, 2015 WL 1097385, at *4 n.3 (N.D. Ga.) ("Section 241 of Title 18 is a criminal statute and provides no private cause of action in a civil suit."); *Harris v. Albany Police Dep't*, 2014 WL 1773866, at *1 (M.D. Ga.) ("[S]ection 242 is a criminal statute that provides no basis for civil liability or a private right of action."). Moreover, §§ 241 and 242 do not provide individual rights but, instead, subject individuals to criminal liability for violating rights conferred in other statutes. *See* 18 U.S.C. §§ 241, 242. To have a cognizable § 1983 claim, a plaintiff must assert that a defendant's conduct "trammel[ed] a right secured by federal law." *Maynard v. Williams*, 72 F.3d 848, 852 (11th Cir. 1996) (quotation marks omitted). As these statutes do not confer a right, they cannot be the basis of a § 1983 claim. *See id*. Regardless, as stated, any § 1983 claims would be barred by the applicable statute of limitations. Accordingly, the Defendants' motions for summary judgment are **GRANTED** as to these claims, and these claims are **DISMISSED with prejudice**.

### IV. INJUNCTIVE AND DECLARATORY RELIEF

The Plaintiff also seeks injunctive and declaratory relief for his federal claims. Doc. 15 at 14, 15. Because the Plaintiff's federal claims fail, the Plaintiff is entitled to neither declaratory nor injunctive relief for those claims. Moreover, the Plaintiff appears

to seek a temporary restraining order and preliminary injunction. *Id.* at 19. To the extent he does so, this request fails because he cannot show a "substantial likelihood of success on the merits." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Accordingly, that request is **DENIED**.

## V. THE PLAINTIFF'S STATE LAW CLAIMS

As stated, all of the Plaintiff's federal claims are dismissed. As such, the Court declines to extend jurisdiction over the Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, those claims are **DISMISSED without prejudice**. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (stating that, when a court declines to exercise jurisdiction over state law claims, those claims should be "dismissed without prejudice so that the claims may be refiled in the appropriate state court").

## VI. THE PLAINTIFF'S MOTION FOR CONTEMPT

The Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Georgia on August 17, 2012. *In re Richard Lewis Hall, Jr.*, No. 5:12-bk-52286 (Bankr. M.D. Ga. 2012). As a part of that proceeding, on November 20, 2012, the bankruptcy court granted the Plaintiff "a discharge under section 727 of title 11, United States Code." *Id.* at Doc. 30. The Plaintiff now moves for contempt of court against Defendant Susan Hall and the Division of Child Support Services of Houston County, Georgia, who is not a named defendant in this action, alleging that their efforts to collect child support payments violated the bankruptcy court's discharge of his debts. Doc. 27. Defendant Hall argues that the Plaintiff's motion is not properly before this Court. Doc. 31 at 3-5. The Court agrees.

The United States Bankruptcy Court for the Middle District of Georgia retains jurisdiction over the Plaintiff's contempt motion. *See Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 971 (11th Cir. 2012) ("[T]he Court that enters an injunctive order retains jurisdiction to enforce [that] order."). "It is settled that the court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order." *In re McLean*, 794 F.3d 1313, 1318-20 (11th Cir. 2015) (quotation marks omitted) (quoting *Alderwoods*, 682 F.3d at 970) (holding that the United States Bankruptcy Court for the Middle District of Alabama alone had jurisdiction to enforce the discharge injunction); *see also Jones v. CititMortgage, Inc.*, 666 F. App'x 766, 774-75 (11th Cir. 2016) ("A debtor who believes that the discharge injunction has been violated may file a contempt action with the bankruptcy court that issued the discharge injunction, not with another court."). Accordingly, the Plaintiff's contempt motion is **REFERRED** to the United States Bankruptcy Court for the Middle District of Georgia.

### VII. CONCLUSION

For the reasons stated, the Defendants' Motions for Summary Judgment (Docs. 17; 21) are **GRANTED**. The Plaintiff's federal claims are **DISMISSED with prejudice**, and his state law claims are **DISMISSED without prejudice** because the Court declines to exercise jurisdiction over those claims. The Plaintiff's request for a temporary restraining order and preliminary injunction is **DENIED**. Finally, the Plaintiff's Motion for Contempt (Doc. 27) is **REFERRED** to the United States Bankruptcy Court for the Middle District of Georgia.

**SO ORDERED**, this the 7th day of November, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT